# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JEANNIE L. WILLIAMS,** | **CASE NO.:** |
| **Plaintiff,** | **JUDGE:** |
| v. | |
| **HOME DEPOIT U.S.A., INC.,** *et al.*, | **NOTICE OF REMOVAL** |
| **Defendants.** | |

Defendant G.S. Floor Designs, Inc., by and through undersigned counsel, and pursuant to 28 U.S.C. § 1332(a), 1441, and 1446, hereby removes this action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division.

As grounds for removal, Defendant states as follows:

1. This action arises from home improvement services provided by Defendants G.S. Floor Designs, Inc. and Home Depot U.S.A., Inc. to a property located at 29347 Hummingbird Circle, Westlake, Ohio 44145 (the "Property"). Plaintiff contracted with Defendant Home Depot U.S.A., Inc. in October 2021 to perform flooring and carpet removal, in addition to hardwood flooring installation work, at the Property (the "Contract"). Defendant Home Depot U.S.A., Inc. hired Defendant G.S. Floor Designs, Inc. to act as a subcontractor for the Contract thereafter.

2. On October 9, 2024, Plaintiff commenced this action in the Cuyahoga County Court of Common Pleas, Case No. CV 24 105139, for breach of contract, negligence, and violation of the Consumer Sales Practices Act (CSPA) against Defendants G.S. Floor Designs, Inc. and Home Depot U.S.A., Inc. Plaintiff also alleged a claim for agency/respondeat superior against Defendant

Home Depot U.S.A., Inc. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

3. Plaintiff alleges that Defendants failed to perform work, failed to perform work in a timely manner, caused damage to the existing home, failed to perform work in a good and workmanlike manner, that the work actually performed was shoddy, and that Defendants were unable or unwilling to complete the job within a reasonable time. *See* Exhibit A.

4. All state court filings are attached collectively as Exhibit B.

5. The United States District Courts have original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

6. Any civil action brought in state court over which the United States District Courts have original jurisdiction may be removed by the Defendants to the United States District Court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7. Defendant GS Floor Designs, Inc. is exercising its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Court of Common Pleas of Cuyahoga County, Ohio, in which said action is now pending, to the United States District Court for the Northern District of Ohio, which encompasses Cuyahoga County.

8. Plaintiff perfected service of her Complaint via certified mail upon Defendant G.S. Floor Designs, Inc. on October 17, 2024. Accordingly, the instant Notice of Removal was filed within 30 days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b).

9. Per the caption of her Complaint, Plaintiff is a resident of the State of Ohio. No allegations or information have been disclosed or suggested that Plaintiff's citizenship is anywhere other than the State of Ohio.

10. Upon information and belief, at the time this action was commenced, and since then, Plaintiff has been a citizen of the State of Ohio.

11. Defendant G.S. Floor Designs, Inc. is a foreign corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois.

12. Defendant Home Depot U.S.A., Inc. is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in the State of Georgia.

13. Defendants are not citizens of the State of Ohio. Diversity of citizenship therefore exists among the Parties.

14. Plaintiff alleges that her case is worth an amount sought sufficient to meet the jurisdictional amount of $75,000.00 as required by 28 U.S.C. § 1332, as Plaintiff's Complaint seeks an amount in excess of the jurisdictional minimums.

15. Specifically, Plaintiff's Complaint seeks an amount in excess of $25,000.00 from Defendant Home Depot U.S.A., Inc.; an amount in excess of $25,000.00 from Defendant G.S. Floor Designs, Inc; actual damages; non-economic damages up to $5,000.00; punitive damages; treble and statutory damages; attorney's fees; treble and statutory damages; and pre-judgment and post-judgment interest.

16. Furthermore, Plaintiff seeks "[c]ompensatory damages in the amount of the replacement and installation of the merchandise ordered and return of the funds and obligations to Defendant Home Depot[.]" Per Exhibit A to Plaintiff's Complaint, Plaintiff paid $23,366.57 and $290.89 in sales tax to Defendant Home Depot U.S.A., Inc.

17. Thus, the full amount explicitly prayed for is necessarily in excess of $75,000.00, at least $78,657.46 not including unspecified attorney's fees.

18. Based on the foregoing, this court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds $75,000.00 and all parties are citizens of different states.

19. As required by 28 U.S.C. 1446(d), Defendant will promptly serve upon Plaintiff's counsel, and file with the Clerk of the Cuyahoga County Court of Common Pleas, a true and correct copy of this Notice.

20. By removing this action, Defendant does not waive any defenses available to it.

21. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

22. This Notice is signed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

23. Defendant Home Depot U.S.A., Inc. has indicated it consents to removal. Thus, all Defendants join in and consent to removal.

WHEREFORE, for the reasons set forth above, Defendant G.S. Floor Designs, Inc. hereby removes this action from the Court of Common Pleas of Cuyahoga County, Ohio, to the United Stated District Court for the Northern District of Ohio.

Respectfully submitted,

/s/Kailey Leary
**THOMAS J. CABRAL (0033041)**
**KAILEY J. LEARY (0102444)**
**GALLAGHER SHARP LLP**
1215 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
E-mail: tcabral@gallaghersharp.com
kleary@gallaghersharp.com
*Attorneys for Defendant G.S. Floor Designs, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on **November 14, 2024**, a copy of the foregoing *Notice of Removal* was filed electronically. Parties may access this filing through the Court's system; also sent electronically to:

**John J. Kelley, III (0061233)**
21300 Lorain Road
Fairview Park, Ohio 44126
E-mail: jjk@kelleycolpa.com
*Attorney for Plaintiff*

/s/Kailey Leary
**THOMAS J. CABRAL (0033041)**
**KAILEY J. LEARY (0102444)**
**GALLAGHER SHARP LLP**
*Attorneys for Defendant G.S. Floor Designs, Inc.*

5