UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNIE L. WILLIAMS, | ) | CASE NO.  1:24-cv-01993 |
| | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

Before the Court is Defendant Home Depot U.S.A., Inc's. ("Home Depot") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or alternative motion for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Doc. 6.)  The motion is fully briefed. (Docs. 8, 9.)  For the reasons herein, the motion is GRANTED in part and DENIED in part.

**I.     BACKGROUND**

Home Depot is a Delaware corporation with its principal place in Atlanta, Georgia. (Doc. 1-1 at ¶ 2.)  Jeannie L. Williams ("Plaintiff" or "Williams") is an Ohio resident.  (*Id.* at ¶ 1.)  In October 2021, Williams contacted one of Home Depot's retail locations in Avon, Ohio about removing carpet and installing hardwood flooring at her home.  (*Id.* at ¶ 9.)

On or about October 31, 2021, Williams entered into a written contract (the "Agreement") with Home Depot to complete the flooring renovation.  (*Id.* at ¶ 14.)  Under the Agreement, Home Depot would furnish all labor, materials, equipment, and supplies, and install new hardwood flooring for approximately $23,660.00.  (*Id.* at ¶ 15.)  The terms and conditions provided: "Unless otherwise stated in the Agreement, Home Depot warrants for 1 year from the completion date (the "Warranty Period") that all Services will: (i) be performed with good

workmanship and (ii) conform to the requirements of the Agreement." (*Id.* at 23.)[1] The Agreement further provided:

> THE WARRANTIES PROVIDED IN THIS AGREEMENT ARE STRICTLY LIMITED TO THE FOREGOING EXPRESS WARRANTIES CONTAINED IN THIS PARAGRAPH IN THE WARRANTY SECTION OF THE AGREEMENT, IF ANY. YOU ACKNOWLEDGE AND AGREE THAT NO OTHER WARRANTIES ARE MADE OR GIVEN BY HOME DEPOT OR SERVICE PROVIDER, INCLUDING ANY WARRANTY FOR FITNESS OF PURPOSE, WARRANTY OF MERCHANTABILITY, OR ANY OTHER ORAL, EXPRESS OR IMPLIED WARRANTIES. HOME DEPOTS EXPRESS WARRANTIES ARE VOIDED FOR ANY DEFECT CAUSED BY ABUSE, MISUSE, NEGLECT, ACTS OF GOD, LACK OF PRESCRIBED OR STANDARD MAINTENANCE, OR IMPROPER CARE/CLEANING. ANY MANUFACTURER'S WARRANTIES PROVIDED FOR GOODS, MATERIALS, OR EQUIPMENT WILL BE PASSED THROUGH BY HOME DEPOT TO YOU, AND YOU AGREE TO LOOK SOLELY TO SUCH MANUFACTURER FOR REMEDY OF ANY DEFECT IN SUCH GOODS, MATERIALS, AND EQUIPMENT. HOME DEPOT MAY ASSIST YOU WITH WARRANTY CLAIMS AGAINST MANUFACTURERS, (c) Limitation on Damages. Home Depot will not be liable to YOU for indirect, incidental, special, punitive or consequential damages RESULTING FROM PERFORMANCE OF THE SERVICES, including, BUT NOT LIMITED TO, damages for lost opportunities, OR lost profits.

(*Id.*)

In accordance with paragraph three of the Agreement, Home Depot hired G.S. Floor Designs, Inc. ("G.S. Floor Designs") as a subcontractor. (*Id.* at 22.) Williams alleges Home Depot breached the contract by failing to perform and complete the work in a good and workmanlike manner as well as failing to hire competent subcontractors who could perform the work. (*Id.* at ¶ 11.)

On October 9, 2024, Williams filed this suit in the Court of Common Pleas in Cuyahoga County. (*See id.*) Williams' Complaint brings claims for breach of contract, negligence, violation of the Consumer Sales Practices Act ("CSPA"), and agency/respondeat superior. (*See*

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

*id.* at ¶¶ 13-37.) Williams seeks compensatory, economic, punitive, and statutory damages, as well as fees and costs. (*Id.* at 14.)

On November 14, 2024, G.S. Floor Designs removed the suit to this Court. (Doc. 1.) On November 20, 2024, G.S. Floor Designs answered. (Doc. 5.) On December 10, 2024, Home Depot moved to dismiss this case under Rule 12(b)(6), or alternatively for a more definite statement. (Doc. 6.) Williams opposed Home Depot's motion on January 7, 2025. (Doc. 8.) On January 21, 2025, Home Depot replied. (Doc. 9.)

**II.     LEGAL STANDARD**

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and all inferences must be drawn in plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations

will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)).  A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)).  Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

Under the Federal Rules of Civil Procedure 12(e), "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Motions for a more definite statement are rarely granted." *Smith v. Litton Loan Servicing, L.P.*, No. 11-cv-170, 2011 WL 4696177, 2011 U.S. Dist. LEXIS 115006, at *2 (N.D. Ohio Oct. 5, 2011).  Courts only grant a motion for a more definite statement when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* (quoting *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, 2008 U.S. Dist. LEXIS 108089, at *8 (S.D. Ohio Sept. 26, 2008)).  Whether to grant a such a motion is a matter within the discretion of the trial court and requires a court to consider "the minimal duty imposed . . . by the federal pleading rules and the possibility that [the defendant] might be prejudiced by attempting to answer the pleading in its existing form." *Id.* (quotation and citation omitted).

### III. ANALYSIS

#### A. Statute of Limitations

Home Depot argues Williams' Complaint affirmatively demonstrates her claims are barred by the statute of limitations, but even if not, Home Depot argues the Complaint lacks

sufficient allegations to make that determination. (Doc. 6-1; Doc. 9.) As such, Home Depot argues the complaint should be dismissed, or alternatively, Williams should be required to provide a more definite statement and replead her complaint. (Doc. 6-1; Doc. 9.) Williams argues in opposition the allegations are sufficient to overcome Home Depot's statute of limitations arguments and no further allegations are necessary. (Doc. 8.)

The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* However, an "obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of the complaint that the time limit for bringing the claims has passed." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). And "[w]hen it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot escape the statute by saying nothing." *Id.* (citation and quotation omitted). Accordingly, where a defendant has "highlighted the apparent untimeliness of the complaint," a plaintiff may not "simply rely on bare assertion[s]" in the complaint underlying their cause of actions to escape dismissal. *Id.*

Home Depot argues Williams' breach of contract claim is subject to the Uniform Commercial Code ("UCC") as codified by Ohio. (Doc. 6-1 at 67; Doc. 9 at 86.) Under the UCC, the statute of limitations for a breach of contract claim is four years. R.C. § 1302.98(A) (setting a four-year statute of limitations for breach of contract claims). However, under § 1302.98(A), parties may "may reduce the period of limitation to not less than one year[.]" That

is what Home Depot alleges the parties did here—by including a warranty of one year in the Agreement, Home Depot argues Williams' breach of contract claim expired one year after the warranty began.  (Doc. 6 at 68; Doc. 9 at 86.)  Though Home Depot acknowledges the complaint lacks specific allegations regarding when the work at issue here began or was completed such that the warranty period began, Home Depot asserts the lack of these allegations is sufficient to grant its motion to dismiss, or at the very least, suggests the period must have ended by the filing of the complaint in October 2024.  (Doc. 6 at 68.)

In opposition, Williams agrees the UCC applies to this dispute which provides a four-year statute of limitations for breach of contract.  (Doc. 8 at 75-76 (the UCC, "as codified in Ohio, provides a four-year statute of limitations to claims for breach of a contract for a sale of goods").)[2]  Williams further agrees her claim for breach of contract is subject to a one-year statute of limitations based on the warranty.  (*Id.* at 77 (stating "the one-year statute of limitations on Plaintiff's express limited warranty claims based on Defendants' obligations under the terms of the contract").)[3]  Williams' sole argument is that the statute of limitations "never began to run as the Defendants never made any attempts to complete their required performance under the terms of the contract."  (*Id.*)  That is, Williams argues while her claim may be subject to a one-year statute of limitations, that claim did not begin to accrue because the work was never completed.  To Williams, because Defendants "never made any attempts to complete their

---

[2] Because the parties argued and agreed the UCC applies to this case, the Court assumes for the purposes of this Order the UCC applies.  The Court takes no position and does not decide whether the UCC applies.

[3] Because the parties argued and agreed a one-year statute of limitations applies to the breach of contract claim based on the express warranty, the Court assumes for the purposes of this Order a one-year statute of limitations applies.  The Court takes no position and does not decide whether a one-year statute of limitations applies.

required performance," the statute of limitations never began to run on her breach of contract claim. (*Id.*)

Based on the allegations in the Complaint, and the statute of limitations arguments raised by the parties, it is apparent from the face of the Complaint Williams' breach of contract claim may be barred by the statute of limitations. However, the Complaint lacks sufficient factual allegations to make this determination. For instance, there are no facts alleged relating to the when the work began. There are no facts alleged relating to when the work was "completed." There are no facts alleged relating to anything Williams did as it relates to any warranty claim, including whether any claim was made at all and when and in what nature. All that is alleged is that Williams signed the Agreement on October 31, 2021 and Defendants "failed to perform work, failed to perform work in a timely manner, caused damaged [sic] to the existing home, failed to perform the work in a good and workmanlike manner, and the work actually performed was shoddy." (Doc. 1-1 at 10, ¶ 11.) Because the face of her Complaint raises legitimate statute of limitations issues, this lone allegation is insufficient.

Williams' arguments relating to the accrual of her claim also cannot be determined based on the limited allegations in the Complaint. While Williams argues a "claim for breach of express warranty based on a defendant's failure to repair or replace does not accrue upon delivery" and instead, accrues when "the seller fails to repair and replace," there are no facts alleged relating to when Williams' made a claim to Home Depot relating to the warranty, and so it is unknown when Home Depot refused to comply with such obligation, to the extent it had one. *See Allen v. Andersen Windows, Inc.*, 913 F.Supp.2d 490, 505 (S.D. Ohio 2012) (determining the four-year statute of limitations on plaintiff's "'repair or replace' obligation did not begin to run until [defendant] failed to abide by its obligation to repair or replace" and claim

was timely because complaint was filed within four years of the breach of the "repair or replace" obligation in the express warranty). Thus, Williams' failure to repair or replace theory is insufficiently pleaded. And contrary to Williams' position, a claim for breach of warranty cannot indefinitely avoid the statute of limitations simply because a party fails to perform. If Williams believed work was not performed pursuant to the warranty, she must have made a claim within the warranty period and, if necessary, file any legal claim within the statute of limitations for breach of contract. To hold otherwise would be to allow a plaintiff to potentially sit on any legal claims they may have indefinitely.

The same issues are present as it relates to Williams' CSPA claim. Home Depot and Williams agree the CSPA claim is subject to a two-year statute of limitations. (Doc. 6-1 at 68; Doc. 8 at 78.) The parties also agree no discovery rule or other tolling doctrine applies to this claim. (Doc. 8 at 78.) The only dispute is when the claim began to accrue. Home Depot argues it began to accrue when Williams signed the Agreement, since that is when the alleged misrepresentations, in part, must have occurred. (Doc. 9 at 88.) To the extent other misrepresentations were made regarding potential repairs after Williams signed the Agreement, Home Depot argues the Complaint lacks sufficient allegations regarding when those representations were made. (*Id.*) In any event, Home Depot argues the two-year statute of limitations would have expired. (*Id.*) In response, Williams argues, similarly to her breach of contract claim, the CSPA claim did not begin to accrue because Defendants did not complete the work under the Agreement, and therefore, "performance under the terms of the contract was left in limbo." (Doc. 8 at 78-79.)

Ohio courts have held for a CSPA claim, the "statute of limitations commences to run from the date of the occurrence of the violation, which is not necessarily the date of any

underlying transaction." *Hoague v. Cottrill Servs., LLC*, No. 23-CAE-05-0030, 2024 WL 579026, 2024 Ohio App. LEXIS 518 (Ohio Ct. App. Feb. 13, 2024) (collecting cases). For a CSPA claim, the "determination of whether the violation occurred within the statute of limitations is not dependent on whether there is a continuing relationship between the parties, but rather whether there is evidence of conduct constituting deceptive or unconscionable acts occurring within the two-year statute-of-limitations period." *Varavvas v. Mullet Cabinets, Inc.*, 923 N.E.2d 321, 327-28 (Ohio Ct. App. 2009). In this case, Williams filed her Complaint in October 2024. Accordingly, she must allege conduct constituting a violation of the CSPA between October 2022 and October 2024. However, there are no facts in the Complaint relating to how, or when, Home Depot violated the CSPA by breaching the express warranty. Accordingly, the Court cannot determine if the CSPA claim is barred by the statute of limitations.

Because the Court finds the statute of limitations issue, as argued by the parties, may be meritorious, Williams must file an amended complaint with sufficient facts to address the statute of limitations issues. As such, Home Depot's motion for a more definite statement is GRANTED. Williams shall file an amended complaint within thirty (30) days from the date of this Order. The failure to file an amended complaint will result in dismissal of this matter with prejudice.

      **B.**    **Economic Loss Doctrine**

Home Depot also argues Williams' claims for negligence and respondeat superior are barred by the economic loss doctrine. To Home Depot, all of Williams' claims "arose as a result of the Agreement." (Doc. 6-1 at 68.) Therefore, Williams' negligence and respondeat superior claims rely on "allegations of 'duty' in the manner means, method, and materials used to perform

the work were all encompassed within that Agreement." (*Id.* at 68-69.)  Home Depot asserts Williams' claims are limited to the remedies asserted in the Agreement, which includes the one-year limited warranty.  (*Id.* at 69.)

In opposition, Williams argues Home Depot misapplied Ohio's economic loss rule and misconstrues her negligence claim.  (Doc. 8 at 79.)  Williams asserts her claim relates to "property damages in both common law negligence as well as incidental personal injury tort damages stemming from such negligence." (*Id.*)  Under Ohio law, Williams can simultaneously pursue these damages in the alternative as part of the same suit.  (*Id.* at 80.)  Williams also argues her remedies in the Agreement "must include compensatory damages for Defendants' common law negligence to the extent of Plaintiff's economic damages." (*Id.* at 81.)

Under Ohio law, the economic loss doctrine "generally prevents recovery in tort of damages for purely economic loss."  *Allen v. Wenco Mgmt., LLC*, 696 F.Supp.3d 432, 438 (N.D. Ohio 2023) (quoting *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 835 N.E.2d 702, 704 (Ohio 2005)).  "A plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Corporex*, 835 N.E.2d at 704.  In that case, the economic loss doctrine bars negligence claims "premised entirely upon the terms of a contract." *Id.* at 705.  Put differently, "[w]hen a duty in tort exists, a party may recover in tort.  When a duty is premised entirely upon the terms of a contract, a party may recover based upon breach of contract."  *Id.*

For her negligence claim, Williams alleged Defendants "owed a Duty [] to perform the work required in a good and workmanlike manner." (Doc. 1-1 at ¶ 21.)  To Williams, the source of this duty is "implied in law and also created by contract." (*Id.*)  Because Defendants were negligent, Williams alleged she suffered "loss of use of the Residence," "mental stress, anguish,

and embarrassment of having to this in this incomplete and shoddily remodeled residence every day." (*Id.* at ¶ 24.)

Under Ohio law, the legal duty to perform services in a workmanlike manner "arises from contract law rather than tort." *Cork-Howard Const. Co. v. Dirty D. Props., LLC*, No. 16-cv-1964, 2017 WL 5574145, 2017 U.S. Dist. LEXIS 191589, at *4-5 (N.D. Ohio Nov. 20, 2017) (citing cases); *see also First Nat'l Bank of Akron v. Cann*, 503 F.Supp. 419, 440 (N.D. Ohio 1980) ("[T]he duty to perform services in a workmanlike manner is founded on contract.").  The fact that Williams has alleged some intangible, and therefore non-economic losses like stress, anguish, and embarrassment does not compensate for her failure to allege "a discrete, preexisting duty in tort." *Allen*, 696 F.Supp.3d at 439.  Because Williams' negligence claim is premised entirely upon the terms of the Agreement, she may only recover based upon breach of contract and her tort claim must be dismissed as a matter of law.

Williams' respondeat superior claim suffers the same deficiency.  Respondeat superior is not a "stand-alone claim." *Hilliard v. Akal Sec., Inc.*, No. 14-cv-1241, 2014 WL 12599825, 2014 U.S. Dist. LEXIS 192419, at *4 (N.D. Ohio Oct. 21, 2014).  Rather, it allows a plaintiff to hold an employer vicariously liable for the negligent acts of its employees that occur within the course and scope of their employment." *Id.*; *see also Richards v. Illinois Tool Works Inc.*, No. 24-cv-2111, 2025 WL 1295312, 2025 U.S. Dist. LEXIS 84750, at *8-9 (N.D. Ohio May 5, 2025) ("The Supreme Court of Ohio has held that the doctrine of respondeat superior 'speaks only to the vicarious liability of an employer; it does not simultaneously create an express cause of action against individual agents and servants of the employer.'") (quoting *Hauser v. City of Dayton Police Dep't*, 17 N.E.3d 554, 557 (Ohio 2014)).  To bring such a claim, "[t]he underlying tort claim must be a legally cognizable one." *Hiliard*, 2014 WL 12599825, 2014 U.S. Dist. LEXIS

192419, at *4.  Because the Court finds Williams' underlying tort claim for negligence is barred, Williams' respondeat superior claim must also be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Home Depot's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or alternative motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is GRANTED in part and DENIED in part.  Plaintiff shall file a more definite statement of her claims via an amended complaint within thirty (30) days of this Order as it relates to the breach of contract (Count One) and Consumer Sales Protection Act (Count Three) claims.  The negligence (Count Two) and respondeat superior (Count Four) claims are DISMISSED.

**IT IS SO ORDERED.**

Date:   August 25, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE