UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNIE L. WILLIAMS, | ) | CASE NO.: 1:24-cv-01993 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Home Depot U.S.A., Inc's. ("Home Depot") Motion to Dismiss Plaintiff Jeannie L. Willaims' ("Williams") Amended Complaint. (Doc. 14, 15.) For the reasons stated herein, Home Depot's Motion to Dismiss is DENIED.

## I. BACKGROUND

### A. Factual Background

Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Doc. 12 ¶ 4.)[1] Williams is an Ohio resident. (*Id.* ¶ 3.) On or about October 31, 2021, Williams entered into a written contract (the "Agreement") with Home Depot to complete the flooring renovation. (*Id.* ¶ 10.) Under the Agreement, Home Depot would "among other things, [] furnish all labor, materials, equipment and supplies and do all things necessary to install a new hardwood flooring" for approximately $23,660.00.[2] (*Id.* ¶ 11.) The terms and conditions provided that "[u]nless otherwise stated in the Agreement, Home Depot warrants for 1 year from the completion date (the 'Warranty Period') that all Services will: (i) be performed with good

---

[1] Citations to the Complaint are to the paragraph number assigned therein.

[2] The copy of the Agreement attached to Williams' Complaint does not include the description of the scope of work. (*See* Doc. 12 at 119-21.)

workmanship and (ii) conform to the requirements of the Agreement." (*Id.* at 126.)[3]

In accordance with paragraph three of the Agreement (*id.* at 125), Home Depot hired G.S. Floor Designs, Inc. ("G.S. Floor Designs") as a subcontractor. (*Id.* ¶ 22.) Williams alleges Home Depot breached the contract by failing to perform and complete the work in a good and workmanlike manner as well as failing to hire competent subcontractors who could perform the work. (*Id.* ¶ 19.) In support, she provided a chronology of telephone calls she allegedly made to Home Depot through 2024 regarding issues with its services. (*Id.* ¶ 14; *id.* at 128-31.)[4] She also submitted an email from G.S. Floor Designs' CEO and President documenting a timeline of the house project and certain interactions with Home Depot. (*Id.* ¶ 28; *id.* at 133-37.)

**B. Procedural History**

On October 9, 2024, Williams filed this suit in the Court of Common Pleas in Cuyahoga County against Home Depot and G.S. Floor Designs. (*See* Doc. 1-1 at 7.) In the initial complaint, Williams brought claims for breach of contract, negligence, violation of the Consumer Sales Practices Act ("CSPA"), and agency/respondeat superior. (*See id.* ¶¶ 13-37.) On November 14, 2024, G.S. Floor Designs removed the suit to this Court. (Doc. 1.) On November 20, 2024, G.S. Floor Designs answered. (Doc. 5.)

On December 10, 2024, Home Depot moved to dismiss this case under Rule 12(b)(6), or alternatively for a more definite statement, arguing that Williams' claims were barred by the statute of limitations. (Doc. 6.) Williams opposed the motion (Doc. 8), and Home Depot replied (Doc. 9). The Court dismissed the negligence and respondeat superior claims and ordered Williams to file a more definite statement of her remaining claims in an amended complaint.

---

[3] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[4] Dates before 2024 do not include a year number; so, it is unclear how far back these calls go.

(Doc. 11.) Williams filed her amended complaint (the "Complaint") on September 23, 2025. (Doc. 12.) In it, Williams brought claims for breach of contract and violation of the CSPA against both Home Depot and G.S. Floor Designs. (*See* Doc. 12 at 107-16.)[5] Home Depot moved to dismiss the Complaint, again on the grounds that Williams' claims are barred by the statute of limitations. (Docs. 14, 15.) The motion is fully briefed. (Docs. 17, 18.)

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and draw all inferences in the plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). Further, courts may consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit

---

[5] On June 5, 2026, a joint motion to dismiss the claims presented against G.S. Floor Designs with prejudice was filed. (Doc. 23.) The Court granted this motion (Doc. 24).

to a pleading is a part of the pleading for all purposes.”).

## III. ANALYSIS

Home Depot argues that Williams did not address the statute of limitations issues present in the initial complaint. (Doc. 15 at 153-54.) It claims that she failed to “provide any additional dates or identify what act or acts allegedly occurred and when such allegedly occurred.” (*Id.*) In her amended Complaint, Williams attached two additional exhibits to illustrate a timeline of events relating to the project. (*See* Doc. 12 at 128-31, 132-37.) Williams contends that the information in those exhibits demonstrate that the recorded complaints effectively tolled the warranty and statute of limitations under the CSPA. (Doc. 17 at 163-64.)

“[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations.” *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). “True enough, courts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date.” *Am. Premier Underwriters, Inc. v. Nat’l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016).

Exhibit C to the Complaint is an email from G.S. Floor Design, laying out dates and summaries of what transpired during the home project. (*See* Doc. 12 at 133-37.) That summary demonstrates that work was at least ongoing through November 2023, less than a year before Williams filed her initial complaint. (Doc. 12 at 136.) By way of example, one entry illustrates that some carpet removal was completed on June 20, 2023. (Doc. 12 at 134.) Another entry from September 26, 2023, noted that Williams sent an email to Home Depot and G.S. Floor Designs saying, “[i]t’s been over a month since our previous email below. Just to reiterate, I am still seeking to have my hardwood flooring completed on the first floor.” (Doc. 12 at 135.) On

November 6, Williams noted that she was "really not comfortable moving on to the upstairs carpet install until these wood floor issues on the first floor are resolved" and that "Home Depot has been rude about replacing a piece of trim around the base of the dryer vent under the stacked washer/dryer." (Doc. 12 at 136.) Viewed in the light most favorable to the plaintiff, these notes show that the project was not completed as of late 2023, or, at the very least that Home Depot and/or G.S. Floor Designs were in the process of repairing the issues she raised in connection with the project. *See Allen v. Andersen Windows, Ind.*, 913 F.Supp.2d 490, 505 (S.D. Ohio 2012) (determining the four-year statute of limitations on plaintiff's "'repair or replace' obligation did not begin to run until [defendant] failed to abide by its obligation to repair or replace").

Home Depot does not adequately refute these entries, instead claiming that Williams failed to "allege what acts or omission is attributed to Home Depot on those dates or how those alleged acts or omissions give rise to her claims." (Doc. 18 at 170.) But if Williams' allegations are true, the statute of limitations did not start to run until late 2023, if not later. Statute of limitations is an affirmative defense that Home Depot bears the burden of proving. *See Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."); *Krlich v. Clemente*, 98 N.E.3d 752, 757 (Ohio Ct. App. 2017) ("The party asserting a statute of limitations defense bears the burden of identifying the date of the event from which the statute of limitations began to run.").

Williams' allegations present a dispute as to the date of accrual, and Home Depot has failed to demonstrate that the statute of limitations had run in light of the additional information alleged in the Complaint. The Agreement stated that the warranty would last for a year after the

project was completed. (Doc. 12 at 126.) As explained, Williams alleged sufficient facts to call into question whether the project was actually completed a year before she filed this action. Therefore, it would be inappropriate to dismiss this action on statute-of-limitations grounds. *Am. Premier Underwriters, Inc.*, 839 F.3d at 464 (6th Cir. 2016) ("courts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date.").

## IV. CONCLUSION

For the reasons stated herein, Home Depot's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Date: September 21, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE